# In the United States Court of Federal Claims

No. 09-33301
(Filed: December 28, 2022)[1]

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES H. BIESTEK, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*.

*James H. Biestek*, Tucson, AZ, *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

James Biestek, a retired United Airlines pilot proceeding *pro se*, seeks a refund of $865.27 in Federal Insurance Contributions Act ("FICA") tax paid at the time of his retirement based on the estimated value of his non-qualified deferred compensation benefits. The government moves to dismiss his complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that Mr. Biestek did not timely file his tax refund claim with the Internal Revenue Service ("IRS") pursuant to section 6511 of the Internal Revenue Code ("I.R.C."), the Court lacks jurisdiction to hear his complaint. Accordingly, the government's motion to dismiss is **GRANTED**.

## I.   BACKGROUND

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives his wages, wages under a nonqualified deferred

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

compensation plan—such as Mr. Biestek's—are subject to a "special timing rule[.]" *See* 26 U.S.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a non-qualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. 26 U.S.C. § 3121(v)(2)(a)(ii). Furthermore, for a nonaccount balance plan—the type of nonqualified deferred compensation plan held by Mr. Biestek—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopman v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Mr. Biestek retired from United Airlines on March 1, 1998. *See* [ECF 3] at 2. At the time of his retirement, Mr. Biestek's non-qualified deferred compensation benefits were estimated to be valued at $187,316.71, with a FICA tax assessment of $4,027.38. *Id.* at 4. Pursuant to the special timing rule, United Airlines paid the FICA tax on Mr. Biestek's behalf in 1998, the year he retired. *Id.* However, United Airlines subsequently filed for bankruptcy, and Mr. Biestek's non-qualified compensation benefits were terminated on September 1, 2005.[2] *Id.* at 2. Consequently, Mr. Biestek did not receive $59,673.79 of the estimated benefits that he expected to receive under the plan. *Id.* On December 12, 2007, United Airlines informed Mr. Biestek that it would not pursue a refund of the FICA tax paid on the deferred benefits that he did not receive and advised Mr. Biestek to file an individual claim with the IRS if he believed that he was entitled to a refund. *Id.* at 3. Shortly thereafter, on December 21, 2007, Mr. Biestek filed a refund claim of $865.27 with the IRS for the HI portion of the FICA tax that "was prepaid on $59,673.79 of benefits [he] will never receive." *Id.* at 1-2.

Mr. Biestek is one of a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his non-qualified deferred compensation benefits.[3] *See* Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 1]. In his complaint, Mr. Koopmann sought to include over 160 other retired United Airlines pilots as plaintiffs, including Mr. Biestek. *Id.* at 1-2. The Court allowed each retired pilot, including Mr. Biestek, to join the *Koopmann* case as an individual plaintiff. *See* May 26, 2010 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 62].

---

[2] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

[3] This case was reassigned to the undersigned on January 12, 2021. *See* Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. 2022).[4]

Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint, *see* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 391] at 12-13. Mr. Biestek filed his short form complaint on February 24, 2021. *See* Biestek Short Form Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 452]. Mr. Biestek later supplemented his short form complaint with additional documentation. *See* [ECF 3].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See* Order, *Koopmann, et al. v. United States*, 09-333 [ECF 565]. As the only plaintiff to have retired in 1998, Mr. Biestek is the only plaintiff assigned to the instant case. *See id.* at 3. On July 7, 2022, the government moved to dismiss Mr. Biestek's case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 7]. Mr. Biestek filed a response on September 9, 2022, and the government replied on September 20, 2022. [ECFs 9, 10]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

## II.    LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does

---

[4] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.    DISCUSSION

The government asserts that this Court lacks jurisdiction over Mr. Biestek's complaint because "the administrative claim[] filed by [Mr. Biestek] [was] untimely, and his refund claim in this suit is barred by I.R.C. § 6511." [ECF 7] at 1. This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" Additionally, when calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

> (1)   If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and
>
> (2)   If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

Following Mr. Biestek's retirement on March 1, 1998, United Airlines paid the applicable FICA tax on his non-qualified deferred compensation benefits. [ECF 3] at 4. According to IRS transcripts,[5] United Airlines filed its quarterly returns for the year 1998 on

---

[5] Mr. Biestek argues that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on his behalf. Pl.'s Resp. to Def.'s Mot. to Dismiss [ECF 9] at 3. This argument is meritless. Mr. Biestek never argues that United Airlines failed to report his wages on its quarterly tax returns or to make payment of the FICA taxes attributable to his wages.

June 8, 1998, September 7, 1998, December 14, 1998, and March 22, 1999. *See* [ECF 7-1]. Because all of the returns for the 1998 tax year were filed before April 15, 1999, these returns are considered filed as of April 15, 1999. *See* I.R.C. § 6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than May 30, 2000. *See* [ECF 7-1] at 7. Under these circumstances, Mr. Biestek was required by § 6511 to file his refund claim with the IRS by May 30, 2002—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* § 6511. Mr. Biestek did not file his tax refund claim until December 21, 2007. *See* [ECF 3] at 1. Because Mr. Biestek's tax refund claim was not timely filed as required by § 6511, the Court lacks jurisdiction to consider his tax refund suit. The Court reaches this conclusion despite Mr. Biestek's various arguments that § 6511's time limitations do not bar his tax refund suit. As demonstrated below, the Federal Circuit has previously rejected similar arguments under similar circumstances. *See Koopmann*, 2022 WL 1073340.[6]

First, Mr. Biestek argues that the time limitations of § 6511 are inapplicable to his tax refund suit. He argues, "[b]ecause the statute clearly limits only one taxpayer and the employer is the only one taxpayer required to file FICA tax returns, the statute cannot limit the rights of taxpayers who are not required to file the tax return." Pl.'s Resp. to Def.'s Mot. to Dismiss [ECF 9] at 4. The Federal Circuit rejected this argument in *Koopmann* stating that "irrespective of who actually sent the money for FICA taxes to the IRS and filed the returns reporting the payment of the FICA taxes . . . [Plaintiffs'] refund claims for those FICA taxes are not exempted from the time limitations of I.R.C. § 6511(a)." *Koopmann*, 2022 WL 1073340, at *5; *see also RadioShack Corp. v. United States*, 566 F.3d 1358, 1363 (Fed. Cir. 2009) (finding that "the ambiguity of § 6511(a) is best resolved by imposing that section's time limitations on *all* taxes and *all* taxpayers.") (emphasis in original).

Next, Mr. Biestek argues that § 6511's time limitations should separately apply to each individual tax year for which the benefits are received. *See* [ECF 9] at 9 ("If a statute considers multiple years' unfunded benefits, the time statute governing refunds must apply to each year's taxes, separately, or the taxpayer's property is confiscated without due process of law."). The Federal Circuit similarly rejected this argument as "fundamentally at odds with the plain language of I.R.C. § 6511(a), which sets forth two possible time limitations, neither of which is based on the date on which the compensation is paid to the taxpayer." *Koopmann*, 2022 WL 1073340, at *6. In rejecting this argument, the Federal Circuit also noted that "Congress could have enacted a statute that contained a deadline for filing a refund claim that is counted beginning from when compensation is received[,]" however, "Congress did not enact such a statute, and it is not within the province of the courts to rewrite Congress's clearly worded statutes." *Id.* (citing *Newport News Shipbuilding & Dry Dock Co. v. Garrett*, 6 F.3d 1537, 1558 (Fed. Cir. 1993)).

---

Furthermore, the documentation provided by Mr. Biestek clearly shows that United Airlines paid the FICA taxes on his behalf at the time of his retirement as required by IRS regulations. [ECF 3] at 3-4.

[6] Although *Koopmann* is unpublished and not strictly binding upon this Court, this case is highly persuasive because the Federal Circuit ruled on the timeliness of refund claims by individual plaintiffs who were a part of the same case that Mr. Biestek joined. *See RhinoCorps Co. v. United States*, 87 Fed. Cl. 261, 279 (2009) (stating that while an unpublished Federal Circuit opinion is not binding on this Court, "the Federal Circuit has indicated its view.").

Finally, Mr. Biestek contends that applying § 6511 to his tax refund suit violates his Due Process rights because it "deprives him of a reasonable opportunity to start a lawsuit." [ECF 9] at 9 (emphasis omitted). However, the Federal Circuit soundly rejected arguments based upon the unfairness of the application of § 6511's time limitations. *Koopmann*, 2022 WL 1073340, at \*6-7. The Federal Circuit stated that "the Supreme Court has made clear that equitable considerations do not override Congress's judgment as to the time limitations for filing a tax refund claim." *Id.* at \*6 (citing *United States v. Dalm*, 494 U.S. 596, 610 (1990)). The Federal Circuit further highlighted that "our precedent demonstrates that particular equitable doctrines are inapplicable to the time limitations in I.R.C. § 6511(a)" and that "there is no discovery rule with respect to the deadlines in I.R.C. § 6511(a)[.]" *Id.* at \*7 (citing *Lovett v. United States*, 81 F.3d 143, 145 (Fed. Cir. 1996)).[7]

## IV.     CONCLUSION

For the reasons stated above, the government's motion to dismiss is **GRANTED**. Mr. Biestek's complaint is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                s/ Thompson M. Dietz
                                                THOMPSON M. DIETZ, Judge

---

[7] Mr. Biestek makes two additional arguments that are unavailing. Mr. Biestek challenges the constitutionality of the special timing rule by arguing that "taxing rights to income, and not income received, violated his constitutional rights." [ECF 9] at 2. This argument fails because the Federal Circuit has previously upheld application of the special timing rule to require payment of FICA tax on benefits under a non-qualified deferred compensation plan at the time of retirement before the benefits are received. *See Balestra*, 803 F.3d at 1373 (Fed. Cir. 2015). Mr. Biestek also argues that IRS officials violated a criminal statute, 18 U.S.C. § 241, because they "used their powers to willfully conspire to deprive UAL retired pilots of their rights and privileges protected by the U.S. Constitution[.]" [ECF 9] at 12-13. The Court cannot consider this argument because it lacks jurisdiction over criminal matters. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed. Cir. 1994); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Adams v. United States*, No. 07–809 C, 2008 WL 4725452, at \*2 (Fed. Cl. July 16, 2008) ("This court does not have jurisdiction over criminal proceedings, including those arising under Sections 241 and 242.").